**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael PONTNACK, Defendant– Appellant.**

No. 99–5845.

United States Court of Appeals, Sixth Circuit.

Feb. 12, 2001.

---

Before NORRIS and CLAY, Circuit Judges, and ROSEN, District Judge.*

## MEMORANDUM OPINION

PER CURIAM.

Defendant, Michael Pontnack, appeals the district court's denial of his motion to suppress the fruits of the search of a motor vehicle.

Having had the benefit of oral argument and having carefully considered the record on appeal, the briefs of the parties, and the applicable law, we are not persuaded that the district court erred in denying the motion to suppress.

Because the reasoning which supports denial of the motion on the basis that probable cause existed for the search has been articulated by the district court, the issuance of a detailed written opinion by this court would be duplicative and serve no useful purpose. Accordingly, the order of the district court is affirmed upon the reasoning employed by that court in its discussion of probable cause, in its Memorandum and Order filed on March 12, 1999.

CLAY, Circuit Judge, concurring.

I agree with the majority that the district court properly denied Defendant's motion to suppress the evidence under the automobile exception to the warrant requirement inasmuch as the officers had probable cause to believe that the vehicle contained evidence of a crime. *See United States v. Padro,* 52 F.3d 120, 123–24 (6th Cir.1995). However, while I agree that the officers were acting on probable cause at the time of the search and therefore were acting within the parameters of the Fourth Amendment, I write separately to take exception to the district court's alter-

native holding that even if the officers had been acting on reasonable suspicion at the time, their actions were justified under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

*Terry* allows a police officer to stop a suspicious person and make reasonable inquiries and conduct a limited patdown for weapons based upon the officer's reasonable suspicion that criminal activity is afoot; however, unless the detainee's answers or the patdown provide the officer with probable cause to arrest the detainee, he must be released. *See Terry,* 392 U.S. at 30; *see also Minnesota v. Dickerson,* 508 U.S. 366, 373, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993) (extending the bounds of *Terry* to include a limited patdown for nonthreatening contraband thereby establishing the "plain feel" exception to a warrant). In the case at hand, the officers' conduct went beyond the brevity and limited nature of a *Terry*-type stop when they immediately handcuffed Defendant and his companion upon stopping Defendant's vehicle before so much as attempting to question the men. *See United States v. Butler,* 223 F.3d 368, 374–75 (6th Cir.2000) (finding that police officers' conduct of placing the defendant in the back of a patrol car after the officers found nothing about the stop which led him to believe that the defendant was involved in criminal activity ripened the investigatory stop into an arrest without probable cause in violation of the Fourth Amendment); *see also United States v. Mendenhall,* 446 U.S. 544, 554, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980) (finding that a seizure occurs when a reasonable person would feel that he or she is not at liberty to leave). In other words, if the officers had been acting merely upon reasonable suspicion, the officers actions of

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

immediately handcuffing Defendant and his companion and detaining them along the side of the road upon initially stopping the vehicle, ripened the investigatory stop into an arrest without probable cause. *See Butler,* 223 F.3d at 374–75.

Accordingly, although I agree with the district court's holding that the officers were acting on probable cause when they pulled Defendant over, handcuffed him, and searched his vehicle; I disagree with the district court's *dicta* that even if the officers had been acting merely on reasonable suspicion, their actions were justified under *Terry.*